ESTATE OF GEORGE PECK, APPEAL FROM PROBATE

SUPERIOR COURT      TOLLAND COUNTY      FILE No. 5028

Memorandum filed July 1, 1946.

*Raymond R. Bowers,* of Manchester, for the Plaintiff.

*John* B. *Harvey,* of Willimantic, for the Defendant.

PALLOTTI, J. This is an appeal from an order of the Pro-bate Court within and for the district of Mansfield appointing Arthur Martin conservator of George A. Peck on June 21, 1945. There is no evidence upon which to base a finding that this appellant is incapable of managing his affairs.

The appellant is sixty-seven years of age, a hard, frugal, in-dustrious farmer, and is paid for his services $25 a month, to-gether with his board, room and washing.

The son of the appellant, Crosby Peck, was appointed con-servator over the appellant in the Probate Court in the town of Colchester in October, 1938, and acted as said conservator for over six years. On March 15, 1945, the Probate Court for the district of Colchester found the appellant competent and able to manage his affairs.

On the witness stand the appellant answered his questions frankly, intelligently, and without hesitation. Even the son, Crosby Peck, who was the one who made application for a conservator, testified that the appellant, his father, has been all right since March 15, 1945, when the Probate Court for the district of Colchester found the said George A. Peck competent and capable to manage his affairs. Dr. Carey, a medical expert, and other witnesses, testified that the appellant at the present time is capable of managing his affairs. It was established that the appellant in mental capacity is above the average and not likely to waste or throw away his property if allowed to control

it. I have not overlooked the evidence that the appellant's condition in the past is such that he may become weak and may be likely to waste his property on cows and farm machinery if allowed to control it, but apprehension and anticipation will not justify a court in depriving him now of the control of his property any more than the fear that he will commit theft in the future would warrant his imprisonment now.

The only question before the court now is whether it has been established, by a fair preponderance of the evidence, that this man at this time is incapable of managing his affairs. Reviewing all the testimony, I cannot find that the appellant is incapable of managing his affairs or that his past conduct and present condition sufficiently indicate that he will soon become so.

Judgment in favor of the appellant, reversing the action of the Court of Probate.